IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SSM GULF COAST, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 15-mc-00022-CG-N |
| | ) |
| **DAVID HICKMAN, DAVID'S** | ) |
| **AUTO SHREDDING, INC.,** | ) |
| | ) |
| Defendants. | |

**ORDER**

This matter is before the Court on Plaintiff's motion for leave to file under seal (Doc. 1), Plaintiff's response in support of the motion (Doc. 6), and Defendants' opposition to the motion (Doc. 7). For the reasons explained below, the Court finds that the motion to seal should be denied.

Court proceedings generally are not confidential, and while a court may order confidentiality and seal part of a record for cause, the presumption favors open evidence and proceedings. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-99 (1978). The public has constitutional and common-law rights of access to materials filed in a federal lawsuit. See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001) (discussing these rights and their parameters). "This right of access is not absolute [and] may be overcome by a showing of good cause." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007); accord Chicago Tribune, 263 F.3d at 1310. A determination of whether good cause has been shown requires a balancing test that has been

described as follows:

> The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." Chicago Tribune, 263 F.3d at 1309. "[W]hether good cause exists ... is ... decided by the nature and character of the information in question." Id. at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. See In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir.1987); Shingara v. Skiles, 420 F.3d 301, 305-06 (3d Cir.2005); Amodeo, 71 F.3d at 1050-51.

Romero, 480 F.3d at 1246. The "first question" is whether the sealed materials "do in fact contain" confidential information. Chicago Tribune, 263 F .3d at 1313.

In the instant case, SMM Gulf Coast, LLC ("SMM") seeks to seal its motion to vacate an arbitration award in order to comply with a provision of the arbitration agreement which requires confidentiality of any award. The arbitration agreement was contained in the parties employment agreement and states the following with regard to confidentiality:

> Except as otherwise required by law or legal process, any and all proceedings, hearings, findings or any other record of a dispute under this Section 8.16 shall be confidential and shall be held in the strictest confidence of all parties so involved, including but not limited to the parties to this Agreement and any appointed arbitrators.

(Doc. 2-2). Notably, the clause excepts confidentiality where disclosure is required "by law or legal process." SMM does not point to any harm or injury that could

occur if the information was made public and has not suggested any real privacy interest it has in the information, other than its expectation that it would remain confidential based on the arbitration clause contained in the employment agreement.  To the extent SMM sought to have it sealed because it did not want to violate any privacy interest Defendants had in the information, Defendants have made clear by their opposition to the motion that they have no such interest. "The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal." Bernstein v. Target Stores, Inc., 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) (citations omitted); see also Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances set forth by the district court in the record consistent with Wilson, the court file must remain accessible to the public.").

The Court finds that SSM has not identified a compelling reason to justify sealing the documents in this court record.  Accordingly, the motion of SMM Gulf Coast, LLC for leave to file under seal (Doc. 1), is hereby **DENIED.**

**DONE** and **ORDERED** this 25th day of September, 2015.

                                        /s/ Callie V. S. Granade
                                 **UNITED STATES DISTRICT JUDGE**